IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| EDITH LASHUN BARNETT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 3:07-CV-12-WKW |
| | ) | [WO] |
| | ) | |
| COREY WELCH, | ) | |
| | ) | |
| Defendant. | ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

In this 42 U.S.C. § 1983 action, Edith LaShun Barnett ["Barnett], an inmate confined at the Lee County Detention Facility, complains that defendant Welch violated her constitutional right to equal protection when, "for no reason[,]" he denied her trustee status. *Plaintiff's Complaint* at 2. Specifically, Barnett contends that defendant Welch subjected her to "discrimination" because he "moved another [female] inmate to trustee status" who had "the same charge of escape" as plaintiff. *Plaintiff's Complaint* at 2-3.

Upon review of the complaint, the court concludes that dismissal of this case prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B)(ii).[1]

---

[1] This complaint is subject to screening under the 28 U.S.C. § 1915(e)(2)(B) which requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

**DISCUSSION**

Barnett contends that the denial of trustee status deprives her of equal protection because Welch granted another inmate with the same criminal charge such status. *Plaintiff's Complaint* at 2-3.  This claim, however, entitles Barnett to no relief from this court.

In order to set forth a claim cognizable under the Equal Protection Clause, "a prisoner must demonstrate that (1) 'he is similarly situated with other prisoners who received' more favorable treatment; and (2) his discriminatory treatment was based on some constitutionally protected interest such as race.  *Damiano v. Fla. Parole & Prob. Comm'n*, 785 F.2d 929, 932-33 (11th Cir. 1986) (per curiam)." *Jones v. Ray*, 279 F.3d 944, 946-947 (11th Cir. 2001).  Additionally, to succeed on an equal protection challenge, the plaintiff must demonstrate the existence of discriminatory intent; arbitrary application of prison rules without discriminatory intent is insufficient to demonstrate a violation of the Equal Protection Clause.  *Jones v. White*, 992 F.2d 1548, 1573 (11th Cir. 1993); *E & T Realty v. Strickland*, 830 F.2d 1107 (11th Cir. 1987).

> [O]fficial action will not be held unconstitutional solely because it results in a . . . disproportionate impact. . . .  Proof of . . . discriminatory intent or purpose is required to show a violation of the Equal Protection Clause.  Discriminatory purpose . . . implies more than intent as volition or intent as awareness of consequences.  It implies that the decision maker . . . selected . . . a particular course of action at least in part

2

> 'because of,' not merely 'in spite of,' its adverse effects upon
> an identifiable group.

*Personnel Administrator of Mass. v. Feeney*, 442 U.S. 256, 279 (1979) (footnote and

citation omitted); *see also Hernandez v. New York*, 500 U.S. 352, 359 (1991). In a case

such as this one, where the plaintiff challenges actions of jail officials, exceptionally clear

proof of discrimination is required. *Fuller v. Georgia Bd. of Pardons and Paroles*, 851

F.2d 1307, 1310 (11th Cir. 1988). Moreover, mere differential treatment of inmates,

without more, fails to allege a violation of the Equal Protection Clause. *E & T Realty*

*Company v. Strickland*, 830 F.2d 1107 (11th Cir. 1987), *cert. denied*, 485 U.S. 961 (1988);

*McKleskey v. Kemp*, 481 U.S. 279 (1987) (claims of mere disparity of treatment are

insufficient to establish discrimination).

Barnett utterly and completely fails to meet her pleading burden as she does not

allege that defendant Welch subjected her to adverse treatment based on some

constitutionally impermissible reason; rather, she concedes that Welch denied her trustee

status "for no reason." *Plaintiff's Complaint* at 2. In short, Barnett simply makes the

conclusory legal assertion that the denial of trustee status resulted in discrimination because

another inmate with an escape charge received trustee status.[2] However, the law is well

---

[2]Although Barnett references an escape charge as a shared characteristic with her fellow inmate, she fails to identify the underlying criminal charges/convictions on which the inmates were confined at the time of their escapes. Further, Barnett does not set forth the nature of any other criminal charges which may be pending against her and the other inmate nor their prior criminal records. Thus, the mere fact that each inmate has an escape charge fails to establish that Barnett and the other inmate are similarly situated.

settled that the mere differential treatment of Barnett and the other inmate fails to constitute a violation of Barnett' equal protection rights. *E & T Realty*, *supra*. Additionally, Welch's arbitrary application of administrative rules likewise does not run afoul of the Constitution.

Based on the foregoing, the court concludes that Barnett's claim of discrimination does not rise to the level of an equal protection violation and therefore provides no basis for relief in this 42 U.S.C. § 1983 action. Consequently, this claim is due to be summarily dismissed in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(ii).

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed with prejudice prior to service of process pursuant to the directives of 28 U.S.C. § 1915(e)(2)(B)(ii). It is further

ORDERED that on or before January 25, 2007 the parties may file any objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the

Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 12th day of January, 2007.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE